# UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

### MONROE DIVISION

| | |
|---|---|
| DWAYNE J. HILL, aka DEWAYNE HILL<br>        LA. DOC #294586 | CIVIL ACTION NO. 09-1819 |
| VS. | SECTION P |
| | CHIEF JUDGE JAMES |
| WARDEN STEVE RADER | MAGISTRATE JUDGE HAYES |

### REPORT AND RECOMMENDATION

*Pro se* petitioner Dwayne J. Hill, aka  Dewayne Hill, filed the instant petition for writ of *habeas corpus* pursuant to 28 U.S.C. §2254 on October 19, 2009.  Petitioner is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Dixon Correctional Center, Jackson, Louisiana. Petitioner attacks his 1991 murder conviction in Louisiana's Fifth Judicial District Court, Richland Parish. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d).

### *Background*

On July 12, 1989, petitioner was indicted by the Richland Parish Grand Jury and charged with first degree murder. On January 29, 1991, the indictment was amended and petitioner was charged with second degree murder. On February 2, 1991, he was found guilty as charged following trial by jury and on March 16, 1991, the mandatory sentence of life imprisonment was imposed. [Doc. 1-2, ¶ 1-4]

Petitioner appealed his conviction to the Second Circuit Court of Appeals. On May 13, 1992, petitioner's conviction was affirmed. *State of Louisiana v. Dewayne Hill*, 23,711 (La. App. 2 Cir. 5/13/1992), 601 So.2d 684.  Petitioner's application for *certiorari* was denied by the Louisiana Supreme Court on November 30, 1992. *State of Louisiana v. Dewayne Hill*, 1992-1718 (La. 11/30/1992), 608 So.2d 192.  Petitioner did not seek further direct review by filing an application for *certiorari* in the United States Supreme Court. [Doc. 1, ¶9(h)]

Petitioner, through retained counsel, filed an application for post-conviction relief on December 4, 1995. The application was dismissed as untimely on February 16, 1996. [Doc. 1-2, ¶11-12] It does not appear that petitioner sought further review in either the Second Circuit Court of Appeals or the Louisiana Supreme Court.

At some point in time prior to January 6, 2003, petitioner discovered the existence of and obtained  the following documents from the District Attorney's case file: (1) Police Report of Chief Deputy Charles McDonald dated September 22, 1989;  (2) District Attorney's notes of *voir dire* dated January 28, 1989; (3) transcription of the statement of Wanda Fay Thomas dated October 17, 1989; (4) receipts of the Rayville Police Department dated September 26, 1989; (5) report of Inspector John F. Clark and others of the Naval Investigative Services dated September 13, 1989. [Manual Attachment associated with Doc. 1-4, Petitioner's Exhibits 1, 2, 3, and 4][1]

Thereafter, on January 6, 2003,  petitioner filed an application for post-conviction relief alleging that the prosecution withheld exculpatory *Brady* evidence. This application was likewise dismissed as untimely on January 17, 2003. [Doc. 1-2, ¶ 13-14] Petitioner applied for writs with the Second Circuit Court of Appeals and on May 5, 2003, that Court granted petitioner's writ in

---

[1] Petitioner elsewhere alleged that discovered this evidence in the District Attorney files. [Doc. 1-2, p. 11]

part and denied it in part and directed the District Court to conduct an evidentiary hearing on the

merits of petitioner's *Brady* claim. [Doc. 1-2, ¶ 16; see also Manual Attachment associated with

Doc. 1-4, Petitioner's Exhibit 15] On April 28, 2004, the State filed a motion to dismiss

petitioner's application and  hearings were conducted on June 27, 2007, and March 6, 2008.

[Doc. 1-2, ¶ 17-20]  At the conclusion of the March 6, 2008, hearing, the trial court denied

petitioner's application noting, according to petitioner, "the petitioner's claims were without

merit and in his mind this is not *Brady* material at all, and could not be used to do anything."

[Doc. 1-2, ¶ 21; see also Manual Attachment associated with Doc. 1-4, Petitioner's Exhibit 14,

Court Minutes]

Petitioner sought further review in the Second Circuit Court of Appeals. On August 14,

2008, the court of appeals denied writs noting:

> A thorough review of the writ record, including the supplementation of the transcript of the evidentiary hearing held March 6, 2008, and the state's response/objection thereto, reveals that the trial court did not err in denying the applicant's specific and general *Brady* claims.
>
> Suppression, by the prosecution, of evidence favorable to an accused upon his request for such evidence, violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Brady v. Maryland*, 373 U.S. 83, 10 L.Ed.2d 215, 83 S.Ct. 1194 (1963), *State v. Barker*, 628 So.2d 168 (La. App. 2 Cir. 1993), *writ denied*, 93-3194 (La. 3/25/94), 635 So.2d 236. The applicant failed to meet his burden of proving that relief should be granted regarding his specific and general *Brady* claims. La. C.Cr.P. art. 930.2; *State v. Berry*, 430 So.2d 1005 (La. 1983). He failed to meet his burden of proving that the alleged *Brady* evidence was, in fact, suppressed by the state, or that the evidence was material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. This writ is denied.

*State of Louisiana v. Dwayne Hill*, No. 43729-KH (La. App. 2 Cir. 8/14/2008) [Manual

Attachment associated with Doc. 1-4, Petitioner's Exhibit 13].

Petitioner sought rehearing and on September 25, 2008, the Second Circuit, citing Uniform Rules Courts of Appeal Rule 2-18.7 (which does not allow for consideration of an application for rehearing following the denial of writs) refused to consider the request for rehearing. *State of Louisiana v. Dwayne Hill*, No. 43729-KH (La. App. 2 Cir. 8/14/2008) [Manual Attachment associated with Doc. 1-4, Petitioner's Exhibit 13]

Thereafter petitioner applied for writs with the Louisiana Supreme Court. [Manual Attachment associated with Doc. 1-4, Petitioner's Exhibit 11] On September 18, 2009, writs were denied without comment. *State of Louisiana ex rel. Dwayne J. Hill*, 2008-2629 (La. 9/18/2009), 17 So.3d 392.

### Law and Analysis

### 1. 28 U.S.C. § 2244(d)(1)(A) and the "Grace Period"

This petition was filed after the effective date of the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Therefore, the court must apply the provisions of AEDPA, including the timeliness provisions. *Villegas v. Johnson,* 184 F.3d 467, 468 (5th Cir. 8/9/1999); *Lindh v. Murphy,* 521 U.S. 320, 336, 117 S.Ct. 2059, 138 L.Ed.2d 481 (1997).  Title 28 U.S.C. §2244(d)(1)(A) was amended by the AEDPA to provide a one-year statute of limitations for the filing of applications for writ of *habeas corpus* by persons in custody pursuant to the judgment of a state court.   This limitation period generally runs from the date that the conviction becomes final. 28 U.S.C. §2244(d)(1)(A).[2]  The statutory tolling provision of 28 U.S.C. §2244(d)(2)

---

[2] Petitioner does not suggest, nor do his pleadings imply, that the period of limitation should be reckoned from the events described in subsections (B) or (C) of §2244(d)(1).  Clearly, he has pointed to no state created impediments which prevented him from filing the instant petition. Nor does he suggest reliance on  "... the date on which the constitutional right asserted was initially recognized by the Supreme Court..."

He does, however, imply that the period of limitations should be reckoned from the date upon which he discovered

4

provides that the time during which a properly filed application for post-conviction relief was

pending in state court is not counted toward the limitation period.  *Ott v. Johnson,* 192 F.3d 510,

512 (5th Cir. 1999); *Fields v. Johnson,* 159 F.3d 914, 916 (5th Cir. 1998); 28 U.S.C.

§2244(d)(2).  However, any lapse of time before the proper filing of an application for post-

conviction relief in state court is counted against the one-year limitation period. *Villegas,* 184

F.3d 467, citing *Flanagan v. Johnson*, 154 F.3d 196, 197 (5th Cir.1998).  Federal courts may

raise the one-year time limitation *sua sponte*. *Kiser v. Johnson,* 163 F.3d 326 (5th Cir. 1999).

The AEDPA, and the timeliness provision codified at § 2241(d), took effect on

April 24, 1996.  However, the limitation periods provided by the statute cannot be applied

retroactively to bar claims by petitioners, such as petitioner, whose convictions were final prior to

the effective date of AEDPA. *United States v. Flores,* 135 F.3d 1000, 1006 (5th Cir. 1998).  Such

petitioners have been afforded a one-year grace period, or until April 24, 1997, to file an

application for writ of *habeas corpus* in federal court. *Coleman v. Johnson,* 184 F.3d 398, 401

(5th Cir. 1999); *Flanagan v. Johnson,* 154 F.3d 196 (5th Cir. 1998);  *Villegas v. Johnson,* 184

F.3d at 469 (5th Cir. 1999); *Flores, supra*.

Petitioner's conviction was affirmed on direct appeal by Louisiana's Second Circuit

Court of Appeals on May 13, 1992.  *State of Louisiana v. Dewayne Hill*, 23,711 (La. App. 2 Cir.

5/13/1992), 601 So.2d 684. His application for *certiorari* was denied by the Louisiana Supreme

Court on November 30, 1992. *State of Louisiana v. Dewayne Hill*, 1992-1718 (La. 11/30/1992),

608 So.2d 192.  Petitioner did not seek further direct review by filing an application for

---

the facts which support his claims as described in subsection (D). As is shown in Part 2, below, petitioner may not
rely upon the statutory tolling provision of §2244(d)(1)(D).

*certiorari* in the United States Supreme Court. [Doc. 1, ¶9(h)] Therefore, petitioner's judgment of conviction became final for AEDPA purposes 90 days after the Louisiana Supreme Court denied writs, or, on or about March 1, 1993, more than 3 years before the April 1996 effective date of the AEDPA.[3]  As a result, petitioner, relying on the grace period,  had until April 1997 to file his federal *habeas corpus* petition.  Based on the pleadings and exhibits, it is clear that petitioner had no post-conviction or collateral review proceedings pending during the "grace period" from April 1996-April 1997.[4]

In short, petitioner's judgment of conviction became final by the conclusion of the time for seeking direct review at a point in time prior to the effective date of the AEDPA's limitation period. Petitioner did not file his federal *habeas corpus* petition prior to the expiration of the one-year grace period which expired in April 1997.  Therefore, the instant petition is time-barred and dismissal on that basis is appropriate.

**2. Timeliness under § 2244(d)(1)(D)**

As noted above, petitioner implies that the timeliness of his *habeas* petition should be reckoned in accordance with 28 U.S.C. §2244(d)(1)(D) which provides that the one-year

---

[3] Federal courts have interpreted § 2244(d)(1)(A) to provide that the state court judgment is not final for *habeas* purposes until the 90 day period for filing a *writ of certiorari* to the United States Supreme Court has run (see Supreme Court Rule 13; *Ott v. Johnson*, 192 F.3d 510 (5th Cir. 1999)). Thus, petitioner's judgment of conviction and sentence became final for AEDPA purposes ninety days after the Louisiana Supreme Court rejected his writ application on direct review.

[4] The evidence establishes that petitioner's post-conviction proceedings were filed and pending either before the effective date of the AEDPA, or after the expiration of the "grace period." As shown above, petitioner, through retained counsel, did file an application for post-conviction relief on December 4, 1995, however, that application was dismissed as untimely on February 16, 1996. [Doc. 1-2, ¶11-12] It does not appear that petitioner sought further review in either the Second Circuit Court of Appeals or the Louisiana Supreme Court. His second round of post-conviction relief was filed in January 2003, long after the expiration of the grace period. Therefore it does not appear that there were any pending state collateral attacks during the period from April 1996 through April 1997.

limitations period may be reckoned from "...the date on which <u>the factual predicate of the claim</u> or claims presented <u>could have been discovered through the exercise of due diligence</u>..."

Such an assertion is without a basis in fact or law. According to a liberal construction of the pleadings, the factual predicate of his claim consists of "[t]he withheld Police Reports, Statements, and Check Receipts..." which , according to petitioner, were "... exculpatory, impeachable, and material to the petitioner's guilt or innocence..." [Doc. 1-2, p. 9], and this information was ultimately "discovered in the District Attorney files..." [Doc. 1-2, p. 11]

However, petitioner does not allege when he discovered this evidence. Further, in order to be eligible for tolling under §2244(d)(1)(D), petitioner may not rely simply on the date that the newly discovered facts became known – he must show when these facts <u>could have become known through the exercise of due diligence</u>. In the context of the AEDPA, the term "due diligence" has been clearly defined. In *Johnson v. Dretke*, 442 F.3d 901, 908 (5th Cir. 2006), the court made the following observation about the term as it is used in the context of second and successive *habeas* petitions, "... due diligence is measured against an <u>objective</u> standard, as opposed to the subjective diligence of the particular petitioner of record. The burden to make such a showing, of course, remains the petitioner's. [citations omitted; emphasis supplied]" To paraphrase the Court, the plain language of the statute requires that we determine whether the subject evidence could have been discovered previously through the exercise of due diligence. *Id.* Louisiana's liberal public records law, La. R.S.44:1 *et seq.* was available to petitioner once his conviction became final and, in the exercise of due diligence, he could certainly have discovered the evidence at some point in time well in advance of the date he filed his second round of post-conviction relief.  Indeed, while not alleged, it is safe to assume that petitioner availed himself of

a Public Records request to obtain the documents he now relies upon. It seems logical to conclude that petitioner, had he exercised due diligence, could have discovered these documents years ago. Title 28 U.S.C. §2244(d)(1)(D) does not convey a statutory right to an extended delay while a *habeas* petitioner gathers every possible scrap of evidence that might, by negative implication, support his claim. *Flanagan v. Johnson*, 154 F.3d 196, 199 (5th Cir.1998). In short, petitioner's *habeas corpus* claims are time-barred regardless of the reckoning period used and dismissal of the petition on that basis is recommended.

### 3. Actual Innocence

There is no doubt but that the instant petition is untimely under the AEDPA – whether limitations is reckoned from finality of judgment and the grace period or otherwise. Nevertheless, the one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir.1998).  However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir.1999) (quotation marks omitted). The petitioner was not actively misled by the state of Louisiana; nor do his pleadings and exhibits suggest the he was prevented in any way from asserting his rights.

Even petitioner's implied claim of actual innocence is insufficient to warrant either statutory or equitable tolling of the AEDPA's limitation period.  The one-year limitations period established by 28 U.S.C. § 2244(d) contains no exemption for a petitioner claiming actual innocence of the crimes for which they have been convicted. *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002), *cert. denied*, 539 U.S. 918, 123 S.Ct. 2277, 156 L.Ed.2d 136 (2003). Claims

of actual innocence do not constitute "rare and exceptional circumstances" so as to justify the application of equitable tolling to overcome the time bar of § 2244(d). *Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000), *cert. denied*, 531 U.S. 1035, 121 S.Ct. 622, 148 L.Ed.2d 532 (2000).

### 4. Conclusion and Recommendation

The instant petition for *habeas corpus* is time-barred by the provisions of 28 U.S.C. §22244(d)(1)(A) and (D) and petitioner is not entitled to the benefits of statutory or equitable tolling. Therefore

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITH PREJUDICE** as time-barred by the provisions of 28 U.S.C. §2244(d)(1).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Recommendation have fourteen (14) days from service of this Report and Recommendation to file specific, written objections[5] with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or**

---

[5] In the event that petitioner objects to this Report and Recommendation, he should provide evidence to establish (1) the date he discovered the *Brady* evidence he now relies upon; (2) the manner or method he utilized to discover this evidence; and (3) that the date he discovered this evidence was the earliest date that the evidence could have been discovered in the exercise of "due diligence" as that term is defined above. In the event that petitioner maintains that he is otherwise entitled to statutory or equitable tolling, he should likewise provide argument and evidence in support of such claims.

the legal conclusions accepted by the District Court, except upon grounds of plain error.

See, *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

      In Chambers, Monroe, Louisiana, January 5, 2010.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE