RECEIVED
USDC, WESTERN DISTRICT OF LA.
TONY R. MOORE, CLERK
DATE 2/16/10
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| DWAYNE J. HILL, aka DEWAYNE HILL LA. DOC #294586 | CIVIL ACTION NO. 09-1819 |
| VS. | SECTION P |
| | JUDGE ROBERT G. JAMES |
| WARDEN STEVE RADER | MAG. JUDGE KAREN L. HAYES |

## RULING

*Pro se* petitioner Dwayne J. Hill, aka Dewayne Hill ("Hill"), filed the instant petition for writ of *habeas corpus* [Doc. No. 1] pursuant to 28 U.S.C. §2254 on October 19, 2009. On January 5, 2010, Magistrate Judge Karen L. Hayes issued a Report and Recommendation [Doc. No. 2], recommending that Hill's petition be dismissed with prejudice as time-barred. The Court agrees with and ADOPTS the Report and Recommendation of the Magistrate Judge, but issues this Ruling to address Hill's supplemental arguments on tolling under 28 U.S.C. § 2244(d)(1)(D) and in equity.

A. 28 U.S.C. § 2244(d)(1)(D)

It is clear that Hill's petition was filed outside the one-year grace period of the AEDPA from April 24, 1996, to April 24, 1997. During the grace period, Hill had no pleadings pending, nor did he file any pleadings in state or federal court. However, in both his original petition and his objections to the Report and Recommendation, Hill contends that the statute of limitations should not have run during the grace period, but, under 28 U.S.C. § 2244(d)(1)(D), began to run only from October 2002, "the date on which the factual predicate of the claim or claims

1

presented could have been discovered through the exercise of due diligence."

In her Report and Recommendation, the Magistrate Judge concluded that § 2244(d)(1)(D) did not apply because Hill (1) did not allege when he discovered the evidence and, (2) more importantly, did not allege "when these facts <u>could have become known through the exercise of due diligence</u>." [Doc. No. 2, p. 7]. She points out that "Louisiana's liberal public records law, La. R.S. 44:1 *et seq.* was available to petitioner once his conviction became final and, in the exercise of due diligence, he could have certainly discovered the evidence at some point well in advance of the date he filed his second round of post-conviction relief" on January 6, 2003, almost ten years after his conviction became final.

In his objection to the Report and Recommendation, Hill contends that he could not obtain police reports, statements, and check receipts that were, in his opinion, "exculpatory, impeachable, and material to the petitioner's guilt or innocence" until October 2002. [Doc. No. 3]. In support of his contention, Hill cites to the following:

- The prosecutor failed to disclose the records prior to trial;
- Hill's May 1993 public records request to the D.A.'s office was denied;
- "On November 16, 1997, petitioner's retained counsel Della Hayes submitted a letter to Asst. District Attorney Penny Douciere, requesting to examine of [sic] all records. (This request for the District Attorney's files was also initially denied by the State, but was eventually granted after being ordered by the Court).";
- On February 2, 1998, "petitioner's family was contacted by the District

Attorney's Office to come get a copy of the files.[1] However, the files turned out to be incomplete."

- Two years later, another attorney, Arcenious Armond, Jr. enrolled, and there is a letter "that acknowledges efforts by petitioner's family to obtain additional evidence from the District Attorney files."[2]
- On October 2, 2002, Hill's mother paid the Clerk of Court for additional copies of the evidence from the District Attorney's files.

In this case, accepting Hill's allegations as true, as early as 1993, Hill made a public records request to obtain his file. Although he claims court intervention was necessary to obtain a complete file, his counsel apparently obtained the necessary court order in 1997. Hill admits that his family obtained his file in early 1998, but claims it was incomplete. He does not explain how it was incomplete, or what additional information they later obtained. More importantly, he offers no explanation for the delay between his family's receipt of the file in 1998 and the 1999 enrollment of new counsel; in fact, he does not even explain what happened to prior counsel. He indicates only that his mother paid for additional records in 2002, not from the District Attorney, but from the Clerk of Court.

Hill also cites to exhibits allegedly supporting his objections, but the exhibits are not attached. Hill states in the objection that "**all exhibits will follow after the filing of this Traversal to the Report and Recommendation of the Magistrate: Reasons being that, copies**

---

[1] Although Hill states that his family was contacted on February 2, 1997, the Court assumes from the timeline that his family was contacted on February 2, 1998, after Ms. Hayes' letter in February 1998.

[2] Hill alleges that he later filed a bar complaint against Armond for neglecting his file.

3

**are being forwarded from the District Court Clerk's Office. Upon receiving the exhibits, an Index of Exhibits in support of this Traverse will be submitted to this Honorable Court. (all exhibits will be submitted within (14) days of the filing of this Traversal)**". [Doc. No. 3, p. 4]. As of this date, the Court has received no exhibits.

Under these circumstances, even if Hill has raised an issue of fact whether the statutory filing period should have run from a date later than April 24, 1996, he has not presented facts upon which this Court could conclude that the filing period was tolled under § 2244(d)(1)(D) until October 2002.

### B. Equitable Tolling

Hill also contends that he is entitled to equitable tolling. As the Magistrate Judge notes in her Report and Recommendation, the AEDPA's statute of limitations may be equitably tolled, but only in "rare and exceptional circumstances." Davis v. Johnson, 158 F.3d 806, 811-12 (5th Cir. 1998). "Equitable tolling is warranted . . . only in situations where the plaintiff is actively misled by the defendant . . . or is prevented in some extraordinary way from asserting his rights." Cousin v. Lensing, 310 F.3d 843, 847-48 (5th Cir. 2002).

Although Hill contends that the State "deliberately withheld evidence which caused the delay" in the filing of his *habeas* petition, his argument fails to explain how the State's action delayed his mother's ability to obtain the allegedly withheld records, not from the District Attorney, but from the Clerk of Court in 2002. Even if the file his family obtained from the District Attorney in 1998 was incomplete, the records upon which he based his January 2003 filing were located with the Clerk of Court, an office open to the public and from which he could have obtained records much earlier than 2002.

Hill also alludes to his dissatisfaction with Mr. Armand, the counsel he retained in 1999, but he has not explained how Mr. Armand's inaction caused the delay in his filing or resulted in so extraordinary a circumstance as to warrant equitable tolling. See Cousin, 310 F.3d at 849 ("[M]ere attorney error or neglect is not an extraordinary circumstance such that equitable tolling is justified."); United States v. Riggs, 314 F.3d 796 (5th Cir.2002) (unprofessional conduct and bad legal advice do not necessarily warrant equitable tolling); see also Bailey v. Dretke, 2006 WL 355233 (S.D. Tex. Feb. 13, 2006); Garza v. Dretke, 2004 WL 2385002 (W.D. Tex Oct. 25, 2004); and Romine v. Dretke, 2004 WL 893799 (N.D. Tex. Apr. 26, 2004).

Accordingly, the Court finds that Hill has not presented facts or evidence to warrant equitable tolling.

C.  **Conclusion**

For the foregoing reasons and those stated in the Report and Recommendation of the Magistrate Judge, which has been adopted by this Court, Hill's Petition for writ of *habeas corpus* is DENIED and DISMISSED WITH PREJUDICE as time-barred.

**MONROE, LOUISIANA**, this 11 day of February, 2010.

_____
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE